## SIGNA STREAM WINTERS and Others v. ANDREW D. ELLEFSON.[1]

### December 18, 1914.

### Nos. 18,881—(125).

**Negligence of administrator — complaint.**

A complaint in an action by heirs against the administrator of their in-

---

[1] Reported in 150 N. W. 170.

testate's estate, to recover the value of lands alleged to have been lost through defendant's failure to pay taxes or to redeem from tax sale, is demurrable where it contains no allegations of negligence and shows an unassailed discharge of defendant by a probate court having jurisdiction in the premises.

Action in the district court for St. Louis county upon two causes of action to recover $775.05. From an order, Dancer, J., sustaining defendant's demurrer to plaintiffs' amended complaint, plaintiffs appealed. Affirmed.

*Washburn, Bailey & Mitchell,* for appellants.

*W. G. Bonham,* for respondent.

PHILIP E. BROWN, J.

The court below sustained a demurrer interposed to the complaint on the grounds of lack of jurisdiction and no cause of action stated. Plaintiff appealed.

According to the complaint, plaintiffs were the sole heirs at law of John Stream, who died intestate in 1905 owning several described tracts of land in St. Louis county. Defendant was appointed administrator of his estate by its probate court, and continued to act as such "until discharged by the said probate court" in 1911. Some of these lands were sold for taxes before defendant's appointment, and one tract became delinquent thereafter through his failure to pay taxes thereon. He did not redeem, and the property, of stated value, was thereby lost to plaintiffs, for which a recovery is sought.

The ruling was correct. The title to the lands vested in the heirs of decedent immediately upon his death; but our statutes gave defendant, as administrator, the right to possession for purposes of administration, as against the heirs, until settlement of the estate. Hence the duty to pay taxes devolved upon him, provided he had assets available therefor, or was in some way chargeable with having them, and provided further that ordinary prudence required such payment in order to conserve the interests of the estate. Thompson v. Thompson, 77 Ga. 692, 699, 3 S. E. 261; Cummings v. Bradley, 57 Ala. 224, 239; 2 Woerner, Adm. § 518. In any event, therefore,

the gist of the action is negligence, and the complaint contains no allegations thereof.

Moreover, the discharge of the administrator shown by the complaint must be deemed as made under G. S. 1913, § 7400, which, in effect, authorizes a discharge by the probate court when the administrator has in all things well, faithfully and fully administered his trust; and the decree, being one of a court having jurisdiction and standing unassailed, completely protects defendant as against the claim here made. State v. Probate Court of Hennepin County, 112 Minn. 279, 287, 128 N. W. 18; Brown v. Strom, 113 Minn. 1, 5, 129 N. W. 136.

Order affirmed.