## HERBERT M. BURNS v. NEW AMSTERDAM CASUALTY COMPANY.[1]

May 26, 1939.

No. 32,100.

*S. W. Jensch,* for appellant.

*Fowler, Youngquist, Furber, Taney & Johnson* and *Edward A. Danforth,* for respondent.

GALLAGHER, CHIEF JUSTICE.

Plaintiff appeals from a judgment entered in favor of defendant.

On February 1, 1923, Floyd W. Burns was, by order of the probate court of Ramsey county, appointed administrator of the estate of Martha L. Fitz, deceased. He thereafter qualified and filed a bond executed by defendant. On November 14, 1929, the probate court entered its final decree ordering the payment of distributive shares to certain named persons. In compliance with the decree, Burns thereafter made payments in full to some, but not all, of the distributees. He died on January 20, 1937, without having distributed the balance of the estate to the persons entitled thereto.

[1]Reported in 285 N. W. 885.

After the death of Burns the present plaintiff was appointed administrator *de bonis non* of the estate of Martha L. Fitz, and, in that capacity, instituted this action for the purpose of recovering from defendant the defalcations of Floyd W. Burns. Defendant's demurrer to the complaint was overruled. It then answered setting up as a defense the statute of limitations. Plaintiff replied denying the allegations of the answer. On supporting affidavits, defendant moved the court for an order striking out the reply as sham and frivolous and directing judgment on the pleadings for defendant. Its motion was granted, and from the judgment entered pursuant thereto this appeal was taken.

The only question presented has to do with whether the trial court was correct in its conclusion that plaintiff's cause of action was barred by the statute of limitations. The applicable part of the statute (2 Mason Minn. St. 1927, § 9191) reads:

"The following actions shall be commenced within six years:

"1. Upon a contract or other obligation, express or implied, as to which no other limitation is expressly prescribed."

It has repeatedly been held that the statute of limitations begins to run when the cause of action accrues. Weston v. Jones, 160 Minn. 32, 199 N. W. 431; Everett v. O'Leary, 90 Minn. 154, 95 N. W. 901; Swing v. Barnard-Cope Mfg. Co. 115 Minn. 47, 131 N. W. 855. This court in Ganser v. Ganser, 83 Minn. 199, 86 N. W. 18, 85 A. S. R. 461, held that the statute of limitations commences to run against an action on a bond of an administrator from the time of the entry of the final decree of distribution. The final decree in the instant case was rendered more than six years prior to the commencement of the action. The case is therefore governed by the last mentioned decision unless, as claimed by appellant, statutes subsequently enacted make it no longer a binding precedent.

Appellant relies on 2 Mason Minn. St. 1927, §§ 8886 and 8887, which provides:

"8886. Whenever the probate court shall find, upon petition, that any executor, administrator, or guardian has fully executed his trust, and has paid over to the persons entitled thereto all money

and other property in his hands as such, said court may enter an order finally discharging him and his bondsmen from further liability."

"8887. That whenever an executor or administrator shall have fully complied with all the terms and conditions of the final decree of distribution and of all other decrees and orders of the probate court appointing him, and shall have paid over to the distributees named in such final decree of distribution of the said court, all moneys and funds and property to them awarded by such final decree, and when such executor shall have in all other respects fully complied with the terms and conditions of said final decree, and have fully complied with all the orders and decrees of the said court, and when it shall appear to the court that the executor or administrator has paid over all moneys to the proper parties, and that he has in all things complied with the orders of the court and the terms of the final decree in said estate, and that he has in all things, well, faithfully and fully administered his trust as such executor or administrator, the court shall enter an order and decree fully discharging the said executor or administrator and the sureties on his bond from all further liability, and from all liability by reason of said trust and by reason of said administration."

These sections deal with the control of the probate court over representatives and with the procedure for their discharge. Another purpose of the statute is to give the representative of an estate additional protection against the assertion of claims after he has fully and faithfully administered his duties. Winters v. Ellefson, 128 Minn. 3, 150 N. W. 171. Such laws are not intended to remove the claims of distributees from the nullifying effect of the statute of limitations. See Fidelity & Deposit Co. v. Lindholm, 66 F. (2d) 56, 89 A. L. R. 279; Rafferty v. Mitchell, 4 Cal. App. (2d) 491, 41 P. (2d) 563.

Our attention has also been directed to the fact that a statute in force at the time that the Ganser case was decided (G. S. 1894, § 4642) provided that distributees "may demand and recover their respective shares from the executor or administrator, or any other

person having the same * * *." Subsequent to that decision the statute was revised and the words quoted above were omitted. R. L. 1905, § 3791. The law as revised is now to be found in 2 Mason Minn. St. 1927, § 8880. It is argued that the fact that distributees are no longer expressly given power to bring an action against administrators indicates a legislative intent to deny them that right. We cannot agree with this contention. The omission in question was made for the purpose of condensation. See Report of Statute Revision Commission, 2 Mason Minn. St. 1927, p. 2154; Wipperman Merc. Co. v. Jacobson, 133 Minn. 326, 331, 158 N. W. 606. The right of a distributee to institute an action to recover his distributive share was recognized by this court in Saunderson v. Haas, 190 Minn. 431, 252 N. W. 83.

We conclude that the statutory changes referred to by appellant are not such as to justify departing from the rule established in Ganser v. Ganser, *supra*. Therefore the plaintiff's cause of action is barred by the statute of limitations.

Judgment affirmed.

MR. JUSTICE HILTON, being incapacitated by illness, took no part.