Harold L. **WARNER**, Plaintiff,

v.

**FIRST NATIONAL BANK OF MINNE-APOLIS**, Defendant.

Civ. No. 4812.

United States District Court
D. Minnesota, Fourth Division.
June 19, 1957.

R. H. Fryberger and M. R. Keith, Minneapolis, Minn., for plaintiff.

Dorsey, Colman, Barker, Scott & Barber, Minneapolis, Minn. (by Joseph H. Colman and John G. Dorsey, Minneapolis, Minn.), Morley, Cant, Taylor, Haverstock & Beardsley, Minneapolis, Minn. (by Harold G. Cant and Frank W. Plant, Jr., Minneapolis, Minn.), for defendant.

DONOVAN, District Judge.

This case is now before the Court by reason of (1) plaintiff's motion to vacate and set aside the Court's order of February 4, 1957; (2) defendant's motion to strike allegations from the original complaint; defendant's objections to (3) plaintiff's interrogatories, and (4) requests for admissions.

The case has been thoroughly discussed in this Court and in the Court of Appeals. See 135 F.Supp. 687 and 236 F.2d 853. At pages 863 and 864 of the last-cited case the appellate court, in remanding this case, summarized all that is left of it in these words:

> "Plaintiff's complaint is very broad and alleges continuing breaches of duty. The estate was not finally closed until November 11, 1954, and some assets of the estate were retained by the executors until 1954. We believe that the managing advisor's duties continued until the estate was closed. Obviously, any transaction involving a breach of the managing advisor's duties occurring within six years from the date of the commencement of the action would not be barred by the statute of limitations. It would seem that most of the substantial transactions about which the plaintiff is complaining occurred before 1947. However, because of the broad allegations of the complaint, which must be deemed admitted for the purpose of passing on the motion for summary judgment, we can not say with certainty that no cause of action has arisen since 1947. Defendant has conceded that claims 6 and 18 are not barred by limitations. Claim 6 is a claim for reimbursement for attorneys' fees in an action brought in Canada in 1949 to seek information regarding the Oldworth Company. Claim 18 is for expenses incurred by plaintiff in 1948 in successfully resisting an executors' claim for reimbursement for attorneys' fees incurred by the executors in defense of plaintiff's action in a Florida federal court against the executors for recovery of fees.

> "The judgment of dismissal on the ground of the statute of limitations will be affirmed as to all claims based upon any transactions occurring on or before March 19, 1947. The judgment will be modified to exclude from the bar of the statute of limitations claims 6 and 18, and any claims based upon any transaction occurring subsequent to February 15, 1948, or any transaction occurring after March 19, 1947, and not discovered by beneficiaries until after February 15, 1948.[1]"

> "1. Since the first report filed by executors after the 1947 final accounting was not filed until July, 1948, there is a possible fact question as to whether beneficiaries had knowledge of any improper conduct occurring after March 19, 1947, and before the statute of limitations became operative on February 15, 1948."

That quotation constitutes the limits of the instant case. Obviously, all transac-

tions occurring on or before March 19, 1947, are excluded by this Court's judgment of dismissal, which was affirmed on appeal. "Claims 6 and 18 and any claims based upon any transactions occurring subsequent to February 15, 1948, or any transaction occurring after March 19, 1947, and not discovered by beneficiaries until after February 15, 1948," by virtue of the appellate court's affirmation (certiorari denied) is an all-inclusive legal blueprint limiting the authority of this Court in the instant case. A policy of strict adherence thereto will be observed. It is a remand more binding than hoops of steel on all relevant matters back of said dates. The limits of the remaining case are perfectly clear. The matter of forfeiture was briefed and argued on the appeal. The Court is not persuaded to vacate and set aside its order of February 4, 1957.

Defendant's motion to strike portions of the original complaint has to do with those allegations which have been disposed of by the appeal and affirmance of the trial court's judgment of dismissal as outlined above. The clarity of the appellate court's opinion, which is written in definite and easily understood language, makes unnecessary any order by this Court striking what has been eliminated by that opinion. Such an order would be merely gilding the lily. The motion to strike portions of the original complaint is denied.

The remaining matter is defendant's objections to plaintiff's interrogatories and requests for admissions. There are some 3,766 interrogatories submitted in five groups, together with a number of requests for admissions. The opinion of the Court of Appeals makes it manifest that these interrogatories and requests for admissions are so preponderantly concerned with what has been determined to be extraneous to what has been left for trial that defendant's objections to them must be and the same are sustained.[1]

In conclusion may I add that no trial court with the opinion reported in 8 Cir., 236 F.2d 853 before it is likely to stray into the now impregnable legal fence erected against what may be considered inadmissible evidence. The Federal Rules of Civil Procedure pertaining to motions and objections such as herein made, argued and disposed of, were not intended to make more difficult the path to what is right and just. Simplicity and directness is much more to be desired. Plaintiff is entitled to his day in court, but that day should not be multiplied by what has been reduced to judgment and affirmed by the Court of Appeals.

---

[1]. Interrogatory number 358 of Group I is dated 1952. This may be a typographical error. If not, it should be answered.