Frundt & Hibbs by J. Robert Hibbs, Blue Earth, Minn., for plaintiff.

Meighen, Sturtz & Peterson by Ralph H. Peterson, Albert Lea, Minn., for defendant.

**Walter ALBERS, Plaintiff,**

v.

**WILSON & CO., Inc., a foreign corporation, Defendant.**

**No. 2–60 Civ. 99.**

United States District Court
D. Minnesota,
Second Division.

July 13, 1960.

DONOVAN, District Judge.

This diversity action was commenced by the plaintiff in the Minnesota District Court of Faribault County, Fifth Judicial District, and subsequently removed to this Court by petition of defendant. Plaintiff is seeking damages for alleged wrongful discharge from employment.

The instant matter concerns defendant's motion to dismiss the complaint because it "fails to state a claim against defendant upon which relief can be granted". The motion was orally argued on May 23, 1960 and written briefs were submitted thereafter.

The circumstances surrounding the case are these. In November 1959 defendant's employees at its Albert Lea, Minnesota plant went on strike. During the course of the strike the defendant hired 950 new employees, the plaintiff being one of them. Subsequently defendant entered into an interim agreement with the United Packinghouse Workers of America, the representative of the employees who were on strike. Pursuant to an arbitration decision, to which the defendant and the striker's representative had previously agreed to be bound, the defendant was to assign

jobs to all employees, including the 950 new employees, in accordance with their seniority rights. As a result plaintiff was discharged.

Plaintiff has brought this suit claiming that he was hired under a contract of permanent employment and that defendant has wrongfully discharged him from such employment, seeking damages therefor.

It was agreed by both parties that the sole issue before the Court on the instant motion was whether plaintiff was accepting permanent employment with the defendant or was such employment merely an employment contract subject to termination at will by either of the parties to the contract.

Plaintiff contends that under certain situations a contract of permanent employment contemplates more than a contract terminable at will but one of continuous engagement to endure as long as the employer shall be engaged in the business, have work for the employee to do and that the employee shall perform his work satisfactorily. Plaintiff claims that under the law as set out in the case of Smith v. St. Paul & D. R. Co., 60 Minn. 330, 62 N.W. 392, he has provided an additional valuable consideration to the defendant outside of that normally considered a condition of employment. He also cites a case [1] which he claims "is nearly on all fours with the instant one."

In relying on Skagerberg v. Blandin Paper Co., 197 Minn. 291, 266 N.W. 872, and the Maple Island case [2] the defendant contends that plaintiff has furnished no additional consideration to the defendant outside the services which he rendered from day to day to the defendant, nor has he suffered any detriment which was not incidental to the employment.

Plaintiff claims that the additional consideration which he gave to defendant, or detriment incurred, was that he accepted employment with defendant even though said strike was surrounded by much violence and that any person who went to work for defendant during the period of the strike was subject to possible property and even personal harm. This Court is not persuaded that this is such a consideration as contemplated under Minnesota case law.[3]

In accordance with the law as set forth in Circuit Judge Woodrough's opinion in the Maple Island Farm case, it is this Court's opinion that the violence to which plaintiff may have been subjected upon his becoming employed by the defendant was not an independent consideration, monetary or otherwise, flowing to the defendant. It was a condition of employment at that time and all who lived in the Albert Lea area were well aware of this fact. Anyone who accepted employment with the defendant knew that he, his family or his property might be subjected to violence of one sort or another, and to repeat this "was a condition of, and not consideration for, his employment contract." [4] Plaintiff furnished no independent monetary consideration or that which is essentially the same, such as the releasing of a claim for damages one has against his employer in consideration of the employer giving him a written contract for permanent employment.[5]

Since the subject contract for permanent employment was not supported by any consideration independent from that contemplated by the services to be rendered from day to day, it was terminable at will [6] and, therefore, defendant did not "wrongfully" discharge plaintiff from its employ.

1. Baltimore & O. R. Co. v. Foar, 7 Cir., 84 F.2d 67.

2. Maple Island Farm, Inc. v. Bitterling, 8 Cir., 209 F.2d 867.

3. Skagerberg v. Blandin Paper Co., 197 Minn. 291, 266 N.W. 872; see also Maple Island Farm, Inc. v. Bitterling, supra.

4. Maple Island Farm, Inc. v. Bitterling, supra, 209 F.2d at page 878.

5. Such as in Smith v. St. Paul & D. R. Co., 60 Minn. 330, 62 N.W. 392, upon which plaintiff relies.

6. Skagerberg v. Blandin Paper Co., supra.

**814**

The Court of Appeals for the Eighth Circuit has time and again held that the field to be explored on a motion for dismissal is a narrow one.[7] The burden of demonstrating the nonexistence of any genuine fact issue is upon the moving party, and all doubts shall be resolved against him.[8] In the light of the decisions above cited this seems to be a case where summary disposition is warranted.

Defendant's motion to dismiss is, therefore, granted.

It is so ordered.

Plaintiff is allowed an exception.

Weintraub & Fass, New York City, for plaintiff.

Bigham, Englar, Jones & Houston, New York City, for defendant; John L. Conners, New York City, of counsel.

---

7. Warner v. First National Bank of Minneapolis, D.C.Minn., 135 F.Supp. 687, 689.

8. Warner v. First National Bank of Minneapolis, 8 Cir., 236 F.2d 853, 857.