WENDELL H. COBB *vs.* SUSAN H. KEMPTON.
MARY L. JENNINGS *vs.* DAVID B. KEMPTON.

Bristol.     October 30, 1890. — September 1, 1891.

Present: FIELD, C. J., ALLEN, KNOWLTON, MORTON, LATHROP,
& BARKER, JJ.

*Estate of Deceased Person — Limitation of Action — Guardian — License to sell
Real Estate — Removal of Administrator.*

A claim for a balance due to a ward from a guardian deceased intestate, upon an
account filed by him in his lifetime, which is not allowed by the Probate Court
until more than six years after the taking out of administration on his estate,
is within § 13 of the Pub. Sts. c. 136, which provides for the retention of assets
to meet causes of action not accruing within two years thereafter; and may
be presented to that court at any time before the estate is fully administered.

A decree of the Probate Court showing a balance due from a guardian to his ward
upon the expiration of the guardianship, and the refusal of the guardian or his
representative to pay it over in accordance with such decree, create a debt in
favor of the ward, for which he may sue in his own name.

Pending a petition to the Superior Court, under the Pub. Sts. c. 136, § 13, upon
which no order has been made, for the retention of assets to meet a claim
against the estate of a person deceased intestate not accruing within two years
from the taking out of administration thereon, a petition will not lie for a license
to sell the real estate to meet the same, and a refusal by the administrator to
apply for such a license affords no ground for his removal.

Two PETITIONS to the Probate Court, in the first case by Wendell H. Cobb, one of the administrators of the estate of John H. Jennings, for a license to sell the real estate for the payment of a debt, and in the second case by Mary L. Jennings, the creditor named in the first petition, who is executrix of the will of Herbert R. Jennings, for the removal of David B. Kempton, the co-administrator of Cobb, for his refusal to join in the first petition. The Probate Court dismissed both petitions; and the petitioners, in December, 1889, appealed to this court.

At the hearing, before *Allen,* J., it appeared in evidence that the alleged debt was the balance due upon an account rendered by the intestate to the Probate Court on June 2, 1882, as guardian of his infant son, Herbert R. Jennings; that Herbert R. became of full age in April, 1884, and died in January, 1886, leaving a will which was duly admitted to probate, and by which his widow, Mary L., was made executrix and residuary legatee; that the intestate died on July 31, 1882, and Cobb and David B. Kempton were appointed administrators of his estate in October, 1882, and duly published notice of their appointment; that Cobb as administrator filed an inventory on September 5, 1884, of the real estate sought to be sold, but David B. refused to join in the filing of the same; that the only persons interested in such real estate were Mary L. Jennings and Susan H. Kempton, the respondent in the first case, who was a daughter of the intestate and the wife of David B.; that no further proceedings had ever been had in the Probate Court by the administrators of the estate of John H. Jennings, or by either of them; that in January, 1890, Mary L. filed a petition in the Probate Court, under the Pub. Sts. c. 136, § 13, and on February 10 following also commenced an action for the balance of the intestate's account as such guardian against such administrators, under the Pub. Sts. c. 136, § 14, which suit is now pending, and also an action against Susan H. for rents collected.

The judge ruled that both petitions must be dismissed, the first because the claim was not enforceable in law against the administrators, and the second on the ground that the petition to sell the real estate could not be enforced; and reported both cases for the consideration of the full court.

The cases were argued at the bar in October, 1890, and afterwards, in June, 1891, were submitted on the briefs to all the judges except *Holmes*, J.

*A. French & C. W. Clifford*, for the petitioners.

*E. L. Barney*, for the respondents.

KNOWLTON, J.    The first of these cases is a petition of one of the administrators of the estate of John H. Jennings, late of New Bedford, deceased, for leave to sell real estate for the payment of debts, and the second is a petition brought by the creditor for the removal of David H. Kempton, the co-administrator, for his refusal to join in the first petition.    It is contended by the respondent in the first case, that the debt for the payment of which the petitioner seeks to sell the real estate is barred by the statute of limitations, and there is no doubt that this contention is correct unless the right to collect it exists under the provisions of the Pub. Sts. c. 136, § 13.    Wendell H. Cobb and David B. Kempton were appointed administrators in October, 1882, and duly published notice of their appointment.    By the Pub. Sts. c. 136, § 9, all claims against the estate of their intestate were barred at the expiration of two years from the time of their appointment, except as provided in the subsequent sections of the chapter.    This case falls within none of those sections, unless it be § 13, which is as follows: " A creditor of the deceased, whose right of action does not accrue within two years after the giving of the administration bond, may present his claim to the Probate Court at any time before the estate is fully administered; and if, on examination thereof, it appears to the court that such claim is or may become justly due from the estate, it shall order the executor or administrator to retain in his hands sufficient to satisfy the same.    But if a person interested in the estate offers to give bond to the alleged creditor with sufficient surety or sureties for the payment of his claim in case it is proved to be due, the court may order such bond to be taken, instead of requiring assets to be retained as aforesaid."    The debt is a balance found due from the intestate on the settlement in the Probate Court of his account as guardian of his son, Herbert R. Jennings, which account he filed in his lifetime, on June 2, 1882.    This account remained on the files of the Probate Court without any action thereon until May 3, 1889, when

it was allowed. The failure of the administrators to pay over this balance to the executrix of the will of Herbert R. Jennings constitutes the cause of the action on which it is contended that the real estate should be sold. That right of action did not accrue until the account was acted upon by the Probate Court. Whether a cause of action previously existed for a breach of the condition of the guardian's bond in any particular which might have been enforced by a suit brought in the name of the judge of probate by authority of the Probate Court, it is unnecessary to decide. This particular cause of action for failure to pay over a definite amount found due on the settlement of the account came into existence after the decree allowing the account. Until then the guardian was not liable to an action for the money. *Brooks* v. *Brooks*, 11 Cush. 18. *Bemis* v. *Bemis*, 13 Gray, 559. *Chapin* v. *Livermore*, 13 Gray, 561. *McLane* v. *Curran*, 133 Mass. 531.

It has never been decided in this Commonwealth, so far as we are aware, whether a guardian may be sued directly by his ward for the balance found due on the settlement of his account in the Probate Court after the expiration of his guardianship, or whether the remedy of the ward is exclusively upon the probate bond. But we are of opinion that the decree of the Probate Court, and the refusal of the representatives of the guardian to pay over, in accordance with it, creates a debt in favor of the ward, for which he may sue in his own name. It has been so held in regard to administrators in analogous cases. *Storer* v. *Storer*, 6 Mass. 390. *Drew* v. *Gordon*, 13 Allen, 120, 122. Prior to the St. of 1880, c. 34, a testamentary guardian was not required to give a bond at all when a testator ordered or requested in his will that no bond should be given. Gen. Sts. c. 109, § 6. The protection of a ward whose guardian gave no bond would require us to hold that the final decree of the Probate Court, showing a balance due him after the expiration of the guardianship, creates a liability at common law; and the same rule must apply to all guardians.

In the present case, the estate of John H. Jennings had not been fully settled when the petition for the retention of assets was filed, in January, 1890, and the claim of the creditor comes within the provisions of the Pub. Sts. c. 136, § 13. Whether

any action has been taken on this petition does not appear; but we see no reason why it should not be granted, unless some person interested in the estate gives a bond with sufficient surety or sureties for the payment of the claim. Until this petition is favorably acted upon, no action can be maintained for the debt. *Brooks* v. *Rayner*, 127 Mass. 268. Until then it cannot be determined whether the right of action will be against the administrator, or against the persons who give the bond to pay the debt. Pub. Sts. c. 136, § 15. When the petition for leave to sell real estate was filed, it was uncertain whether an action could ever be maintained against the administrators; and the administrator David B. Kempton was right in refusing to sign the petition, and the Probate Court was right in dismissing it. The petition for the retention of assets has been filed since the appeal in the Probate Court, and we are not informed whether any action has been taken on it. If it has been granted, or if it is granted hereafter, leave to sell real estate cannot be given on the present petition, because it is signed by only one of the administrators. *Hannum* v. *Day*, 105 Mass. 33.

The decree in each case dismissing the petition must be affirmed, and the parties left to their remedies after the disposition of the petition for the retention of assets to satisfy the claim.          *Decree in each case affirmed.*