JOHN W. McKIM, Judge of Probate, *vs.* WASHINGTON GLOVER, administrator.

Suffolk.    March 19, 20, 1894. — May 18, 1894.

Present: HOLMES, KNOWLTON, MORTON, LATHROP, & BARKER, JJ.

*Trust — Breach of Condition of Bond by Trustee — Action — Statute of Limitations — Exoneration of Sureties — Case stated.*

A breach of a condition of the bond of a trustee to "manage and dispose of all such estate, and faithfully discharge his trust in relation thereto, according to law and to the will of said testator," is distinct from a breach of a condition requiring that the trustee shall "at the expiration of his trust settle his

account, . . . and pay over and deliver all the estate remaining in his hands, or due from him on such settlement, to the person or persons entitled thereto "; and though an action against the administrator of a surety on the bond for a breach in the lifetime of the surety of the first condition would, under the provisions of Pub. Sts. c. 136, § 9, be barred at the expiration of two years from the appointment of such administrator, yet an action for a breach of the second condition, occurring after the death of the surety and more than two years after the appointment of his administrator, is not so barred.

It is an improper investment of a trust fund for a trustee to buy of himself with it a mortgage of real estate which is worth less than the amount of the fund so invested, and the subsequent conduct of the *cestui que trust*, influenced by the false representations of the trustee as to the value of the property, in authorizing the trustee to bid off the property for him at a foreclosure sale, and in accepting a conveyance of it to prevent a sacrifice, and, upon learning the facts, in demanding that the trustee should take back the property, and account for the sum invested in the mortgage, is a repudiation of the transaction, and not an exoneration of the sureties upon the bond of the trustee.

Upon a case stated, with the right reserved to either party to show any further facts, such further facts may be shown as well by inference from the facts admitted as by independent evidence.

CONTRACT, against the administrator of a surety on the bond of a trustee given to the plaintiff as judge of the Probate Court for the County of Suffolk. Writ dated October 24, 1892. Answer: 1. A general denial. 2. The statute of limitations.

The case was submitted to *Barker*, J., and by him reserved and reported for the consideration of the full court, upon the following agreed facts, in which the right was reserved to either party to show any further facts material to the case.

By the will of Isaac B. Woodbury of Norwalk in the State of Connecticut, which was duly admitted to probate in this Commonwealth, certain trusts were created, and Charles S. Nichols of Salem was named as trustee. In December, 1885, Nichols duly qualified as trustee, and as such gave a bond upon which Henry P. Nichols, the defendant's intestate, became bound as surety. The second condition of the bond required the trustee to " manage and dispose of all such estate, and faithfully discharge his trust in relation thereto, according to law and to the will of said testator," and the fourth condition required that he should " at the expiration of his trust settle his account in said court, and pay over and deliver all the estate remaining in his hands, or due from him on such settlement, to the person or persons entitled thereto." On the settlement of the final account of the trustee, on September 15, 1892, there appeared to be due from

him to the beneficiaries under the will a sum of money, which he, being then insolvent, on demand refused to pay. The sum for which he was so chargeable was the principal and interest of a mortgage originally held by him individually, and afterward, in 1886, by mesne assignments transferred to him as trustee for $8,000, being more than the value of the mortgaged property. In 1888 the beneficiaries under the will requested the trustee to foreclose the mortgage, and accordingly, on April 30, 1888, having made due entry to foreclose, he sold the premises at auction under a power of sale contained in the mortgage, and, pursuant to a written request of the beneficiaries that " in case the premises covered by mortgages to yourself as trustee do not find a purchaser at sale for more than enough to cover the amount of mortgages, interest, and charges, we hereby request you to bid them in for us," he bid off the property in question for $7,500, that being the highest bid made for the beneficiaries, and being $500 in excess of any other bid made at the auction, and, at the request of the beneficiaries, conveyed it to one Neilson, in whom the title to the premises still remains, although tender of a deed of the same has since been made by him to the trustee and declined. This investment was subsequently held to be a breach of trust, and was disallowed by the Probate Court, and by this court on appeal in *Nichols, appellant,* 157 Mass. 20. Neither the investment, nor the breach of trust, nor the foreclosure sale, was ever known to the defendant's intestate, nor until after March 1, 1892, to the defendant himself. The defendant was appointed administrator on January 20, 1890, and his bond as such was approved on February 3, 1890.

*F. Rackemann,* (*F. V. Balch* with him,) for the defendant.

*J. B. Lord,* for the plaintiff.

HOLMES, J. This is an action against the administrator of a surety on a trustee's bond. The breach of trust which was the source of the trouble is that which was considered in *Nichols, appellant,* 157 Mass. 20, and is not disputed. It took place in 1886. The administrator's bond was approved on February 3, 1890. The present suit was not begun until October 24, 1892, and it is argued that the action is barred by the special statute of limitations. Pub. Sts. c. 136, § 9. Whether it is so or not depends, of course, on when the right of action on the trustee's bond accrued. Ibid. § 13.

The second condition of the trustee's bond is to "manage and dispose of all such estate, and faithfully discharge his trust in relation thereto, according to law and to the will of said testator." We assume that this was broken in 1886, and that the action on the bond is barred so far as it is concerned. The fourth condition is, " at the expiration of his trust settle his account in said court, and pay over and deliver all the estate remaining in his hands, or due from him on such settlement, to the person or persons entitled thereto." Technically this condition was broken by a failure to pay over on settlement of the final account, on September 15, 1892. If this breach gave a new cause of action it is admitted that the present suit is in time. It is not argued that there might not be a new liability for a substantially new breach within two years. *Cobb* v. *Kempton,* 154 Mass. 266, 269. *Sanders* v. *Coward,* 13 M. & W. 65, 71. *Thruston* v. *Blackiston,* 36 Md. 501, 510. Wood, Limitations, (2d ed.) § 175. But it is argued that the substance of the grievance is the same as before, and therefore that there ought to be no new cause of action. But this is misleading. The grievance in an action of contract upon a bond like this is not the breach of trust *per se,* but the breach of condition. *Sanders* v. *Coward,* 13 M. & W. 65, 71. There may be as many conditions in a bond as there are different aspects, incidents, or consequences of the same substantive wrong, and each breach of condition gives rise to a distinct grievance. It is plainly a question of the language of the contract. Even if the object of the several conditions were indemnity against precisely the same evil, it would not follow that the statute would begin to run on all of them at the same time. *Bullard* v. *Moor,* 158 Mass. 418, 423. *Cobb* v. *Kempton,* 154 Mass. 266, 269. But there is a plain distinction between the two things secured. A man may be guilty of a breach of trust, and yet pay over the whole amount with which he is charged on final settlement. By the language of the bond the defendant is liable, and while there are no equities against a surety, on the other hand there is no reason for not holding him to the language and meaning of his undertaking. So far from seeing anything absurd in allowing a *cestui que trust* to enforce his stipulated right to have the whole trust fund paid over at the end of the trust, we think that it would be unjust and impolitic

to deprive him of it, however old the original breach of trust may be.

The case of *State* v. *Henderson*, 54 Md. 332, relied on by the defendant, has no bearing upon the question before us. What was decided by the majority there was that on a guardian's obligation to exhibit a final account and to deliver up the property upon his ward's coming of age, the statute of limitations began to run when the ward came of age, and that there was not a new breach if an account was passed at a later date and there was a subsequent failure to deliver up the property. If the trustee had resigned before the defendant was appointed administrator, and had not accounted until September, 1892, this decision might have some relevancy, that is, it might bear on the construction of the fourth condition; but it throws no light on the relation of the fourth condition to the second. Compare *Cobb* v. *Kempton*, 154 Mass. 266, 269. *People* v. *Seelye*, 146 Ill. 189, 208.

It is argued further, that the conduct of the beneficiaries has exonerated the sureties. To this it is enough to answer, that the judge who tried the case found the other way, and that we cannot say that he was wrong. The facts agreed are not a case stated with no power to draw inferences, as in *Old Colony Railroad* v. *Wilder*, 137 Mass. 536, 538. Right was reserved to either party to show any further facts, and this could be done as well by inference from the facts admitted as by independent evidence. But there is nothing in the agreed facts which warrants an argument that the beneficiaries misled the sureties in any way. See *Watertown Ins. Co.* v. *Simmons*, 131 Mass. 85. Their conduct in buying in the property at the foreclosure sale seems to have been for the benefit of all concerned by preventing a sacrifice, and to have been based on the false representations of the trustee. So far from there having been any election to confirm the investment, the beneficiaries seem to have repudiated it as soon as they knew the facts. *Nichols, appellant*, 157 Mass. 20, 23. It is not necessary to consider whether there are other answers to the argument. See further *White* v. *Weatherbee*, 126 Mass. 450, 452; *Braiden* v. *Mercer*, 44 Ohio St. 339; *Stovall* v. *Banks*, 10 Wall. 583.

*Judgment for the plaintiff.*