## EMANUEL EISING *vs.* CHARLES S. ANDREWS, EXECUTOR.

Third Judicial District, New Haven, January Term, 1895. ANDREWS, C. J., TORRANCE, FENN, BALDWIN and HAMERSLEY, Js.

The nature of the legal relation between principal and surety is such that if no cause of action exists against the principal there can be none against the surety. Accordingly if a cause of action for breach of the condition of a bond is fraudulently concealed by the principal, so that it cannot, in law, be deemed to have accrued, as against him, until first discovered by the plaintiff and obligee, as provided by § 1389 of the General Statutes, it cannot be deemed to have accrued before such discovery, as against the surety.

The defendant's testator was surety on a bond given by *R*, as principal, for the faithful discharge by the latter of his duties as a salesman and collector of the plaintiff. *R* collected various sums of money from time to time of the plaintiff's customers and secretly appropriated the same to his own use. In a suit on the bond it was *held* that the fraudulent concealment by *R* of the cause of action against him, affected the surety as well, and that as against the latter the cause of action must, under § 1389 of the General Statutes, be deemed to have accrued when the plaintiff first discovered its existence, rather than at the different times the money was actually and wrongfully appropriated; and consequently prevented the statute of limitations from running in favor of the surety, as well as in favor of the principal.

[Argued January 15th—decided March 5th, 1895.]

ACTION on a bond given by the defendant's testator as surety, brought to the Superior Court in Fairfield County and tried to the court, *Thayer, J.;* facts found and judgment rendered for the plaintiff, and appeal by the defendant for alleged errors of the court. *No error.*

The case is sufficiently stated in the opinion.

*Howard B. Scott*, for the appellant (defendant).

I. The language of § 1389 of the General Statutes renders it clear that the cause of action which, by reason of fraudulent concealment, shall be "deemed to accrue" in favor of the plaintiff, is limited to an action against the person who is guilty of the "concealment." "If any person * * * shall fraudulently conceal" a cause of action, it "shall be deemed to accrue *against said person.*"

But aside from the terms of the statute, the authorities hold that the action is barred unless the cause of its existence is fraudulently concealed by the defendant personally. 1 Wood on Limitations (2d ed.), § 58; *Bree* v. *Holbeck*, Doug. Rep., 655; *Stevenson* v. *Robinson*, 39 Mich., 160; *Chamberlain* v. *C., B. & Q. R. R.*, 27 Fed. Rep., 181; *Campbell* v. *Vining*, 23 Ill., 525; *Wells* v. *Halpin*, 59 Mo., 93; *Pratt* v. *Northam*, 5 Mason, 95, 112; *Morgan Adm. et al.*, v. *Hamlet et al.*, 113 U. S., 449; *Wood* v. *Williams*, 142 Ill., 269; *Wilmerding* v. *Russ*, 33 Conn., 67.

The case of *Bradford* v. *McCormick*, 71 Iowa, 129, is relied on as an authority against us, and so it is, as far as it goes. It appears, however, that that case was decided under no statute like ours, without the citation of any authorities, and apparently without consideration.

II. The plaintiff's claim is barred, also, under the provisions of the statute requiring creditors of the estates of deceased persons to present their claims within the time limited. The purpose of this statute is unlike that of the general statute of limitations. It does not rest at all upon the ground that the evidence which would sustain a defense is presumably lost, but it fixes an absolute bar against claims,

just or unjust. It is a wholesome provision designed to produce a speedy settlement of estates. *Cone* v. *Dunham*, 59 Conn., 161.

It may be suggested that the cause of action accrues at the same time whether the debtor is alive or dead, and ordinarily this is no doubt true, but under this statute *de* fraudulent concealment, there was a time when the action *actually* accrued, to wit: when the money was stolen, and a time when it accrued by construction of law, to wit: when the fraud was discovered. It is only by force of the statute that the latter time becomes important, and it is only by force of the theoretical identity of parties that the statute can be held to apply to Fay; we hold the law to be that that theoretical identity does not exist where death intervenes, and that the defendant is in no sense in privity with Rowan. This is distinctly held in *Pratt* v. *Northam*, 5 Mason, 112. The case is exactly in point, and has never been disapproved, so far as we knew. On the contrary, the language of JUDGE STORY in that case (though not on this precise point) was repeated and approved by this court in *Cone* v. *Dunham, supra.*

*Lyman D. Brewster* and *John H. Perry*, for the appellee (plaintiff).

I. The fraudulent concealment of the cause of action probably prevented the statute of limitations from running, both at law and in equity, prior to the enactment of what is now § 1389. *Boomer* v. *French*, 40 Iowa, 601; *Sherwood* v. *Fulton*, 5 Mason, 143; *Bailey* v. *Glover*, 21 Wall., 342; *Rosenthal* v. *Walker*, 111 U. S. 190. To which cases *Phalen* v. *Clark*, 19 Conn., 421, and *Bank* v. *Waterman*, 26 id., 324, are, in reality, not opposed. But the section last referred to now removes all question upon that point, and makes such concealment effectual for the purpose indicated.

The cases cited by the defendant, to the effect that the right of action is barred unless the personal fraud of the defendant is relied upon to take the case out of the statute, are not directly in point, and are clearly opposed to the

weight of authority which recognizes the controlling principle of legal identity between principal and surety. It has frequently been held that fraudulent concealment by one partner, even after a dissolution of the partnership, will remove the bar of the statute as against the other. *Blair* v. *Bromley*, 26 Eng. Ch., 541; approved in *Gibbs* v. *Guild*, L. R., 9 Q. B. D. 59; *Moore* v. *Knight*, L. R., 1 Ch., 547; *Bank* v. *Waterman*, 26 Conn., 329, 330. If these decisions are sound, much more should the fraud of a principal affect his surety. *Fisher* v. *Tuller*, 122 Ind., 31.

The very case now before the court has been decided in Iowa by a full and undivided court. *Bradford* v. *McCormick*, 71 Iowa, 129 (1887). See also *McCabe* v. *Raney*, 32 Ind., 311; *Boone Co.* v. *Jones*, 54 Iowa, 709; *Patterson's Appeal*, 48 Pa. St., 345; *Bull* v. *Allen*, 19 Conn., 106; *Candee* v. *Skinner*, 40 id., 469; *Glazier* v. *Douglass*, 32 id., 393; *Willey* v. *Paulk*, 6 id., 74; *DeForest* v. *Strong*, 8 id., 513. Thus it will be seen that the right of action did not " accrue " (§ 581) against these defendants until it accrued against their principal, and that it did not " accrue " against their principal, until it was discovered (§ 1389).

II. The second condition of the bond was broken on failure of the principal to account, in September, 1893, and this breach, relied on in the complaint, gave rise to a cause of action within the four months. *McKim* v. *Glover*, 161 Mass., 418.

ANDREWS, C. J. The plaintiff is the only living partner of the late firm of E. Eising & Co. The defendant is the sole surviving executor of the will of Thomas F. Fay, late of Danbury, deceased. In his lifetime Fay had become obligated in a bond as surety for one Thomas F. Rowan, as principal, for which he bound himself, his heirs, executors and administrators, jointly and severally with the said Rowan, in the penal sum of two thousand dollars to the said E. Eising & Co., conditioned that the said Rowan, who had been employed by the said firm as salesman and collector, " shall well and faithfully discharge his duties as such collector and

agent, and shall also account for all moneys, property and other things which may come into his possession or control by reason of his appointment and employment as such agent and collector." Fay died on the 25th day of June, 1892. On the fifth day of July next thereafter, the Court of Probate for the District of Danbury limited and allowed six months from said date for the presentation of claims against his estate. After Fay's death, and between June 25th, 1892, and August 26th, 1893, Rowan received as such collector and agent from the customers of E. Eising & Co. more than two thousand dollars of money which belonged to the plaintiff, but which he appropriated to his own use—of which amount the sum of $739.41 was misappropriated by Rowan after May 26th, 1893. This defalcation of Rowan was by him fraudulently concealed from the plaintiff, and was not discovered by the plaintiff until the first day of September, 1893. He then made demand of Rowan that he should account for and pay over to the plaintiff the said amount which he had misappropriated, but Rowan has at all times neglected and refused so to do. He was then and at all times since continues to be wholly insolvent.

The plaintiff notified the defendant of such defalcation on the 26th day of September, 1893, and presented to him, as such executor, the claim of said partnership on said bond; and on the 18th day of November, 1893, made demand on him for the amount of the said bond, but the defendant refused to pay it. This suit was brought on the 21st day of November, 1893.

The defendant claimed as matter of law, that upon these facts the plaintiff was barred by the statute of limitations from recovering in this action for any sums of money misappropriated by Rowan prior to May 26th, 1893. And that the fraudulent concealment by Rowan of his misappropriation did not prevent the statute of limitations from running in favor of the defendant, nor postpone the time of the arising of the cause of action upon the bond until the plaintiff discovered the misappropriation. The court did not so hold, but rendered judgment for the plaintiff for the amount of

the bond with interest from the date of the demand. The defendant appealed to this court.

The bond on which this suit is brought contains two conditions: first, that Rowan should faithfully discharge his duty as agent and collector for the said co-partnership; and second, that he should account for all moneys, property, or other thing that should come into his hands, possession, or control, by reason of his employment as such agent and collector. A breach of each of these conditions is alleged in the complaint, and the facts found by the court show that each had been broken by Rowan.

Section 581 of the General Statutes—being a statute concerning the estates of deceased persons—provides that " when a right of action shall accrue after the death of the deceased, it shall be exhibited within four months after such right of action shall accrue "; and that unless exhibited within such time the creditor shall be forever debarred of all right to recover the claim.

The breach of the second condition named in the bond took place, and the right of action thereon accrued, not earlier than the first of September, 1893, and within four months next before the claim was exhibited to the defendant. The Superior Court might well have rendered its judgment entirely on the breach of that condition in the bond. *McKim* v. *Glover*, 161 Mass., 418. And there is nothing in the case to show that it did not. Counsel for the defendant does not dwell on this part of the case.

Under the statute above recited the defendant admits that the plaintiff is entitled to recover the sum of $739.41, that being the amount of money misappropriated by Rowan within the four months next before the claim was exhibited to him. And he insists that because of that statute the plaintiff cannot recover for any moneys wrongfully appropriated by Rowan prior to the said four months. If that statute stood alone it is more than likely that this action would never have been contested. It is another statute which causes the dispute. Section 1389 enacts that: " If any person, liable to an action by another, shall fraudulently

conceal from him the existence of the cause of such action, said cause of action shall be deemed to accrue against said person so liable therefor, at the time when the person entitled to sue thereon shall first discover its existence." Applied to a cause of action, the term to accrue means to arrive; to commence; to come into existence; to become a present enforcible demand. And the true meaning of this statute is, that in cases to which it is applicable, the cause of action does not come into existence until it is discovered by the person entitled to sue thereon. The effect of this statute upon the present case is that no cause of action came into existence by reason of Rowan's defalcation until it was discovered by the plaintiff.

It is admitted by the defendant that this is the effect of the statute, if limited to Rowan himself. But the defendant says that the fraudulent concealment by Rowan does not prevent the accruing of a cause of action against him, the defendant. He says that fraudulent concealment of a cause of action prevents the running of the statute of limitations only in favor of the very party who commits the fraudulent concealment. He cites Wood on Limitations (2d Ed.), page 139, and the cases there referred to, as authority. Stated in somewhat different language the claim of the defendant is, that although the accruing of a cause of action was by reason of the last quoted statute suspended, as against Rowan, until the defalcation was discovered, yet the accruing of a cause of action was not suspended against this defendant; that as against him, this defendant, the cause of action arose when Rowan committed the defalcation; and as it appears by the case that all of the defalcation, except the sum of $739.41, was committed more than four months before the claim was exhibited to him, he cannot be made liable for that part.

It seems to us that there is a fallacy—or rather it is a fatal error—in this argument. It conflicts with the most essential feature of the law relating to surety and principal. The plaintiff seeks to recover damages on account of the defalcation of Rowan. The argument of the defendant.

assumes that a cause of action for such defalcation could exist against him before any cause of action therefor against Rowan had accrued. But the law relating to principal and surety forbids this. The rule is that a cause of action cannot exist against a surety, as such, unless a cause of action exists against his principal. Ordinarily the liability of such a surety is measured precisely by the liability of the principal. Brandt on Suretyship, § 121; *Seaver* v. *Young*, 16 Vt., 658; *Boone County* v. *Jones*, 54 Iowa, 709; *Patterson's Appeal*, 48 Pa. St., 345; *McCabe* v. *Raney*, 32 Ind., 309. So long as no cause of action existed against Rowan, the principal, no cause of action existed against the defendant or his surety. And the statute of limitations does not begin to run in favor of any person, until there is a cause of action. The obligation of a surety is an obligation accessory to that of a principal debtor, and it is of the essence of this obligation that there should be a valid obligation of some principal. Thus, where one agrees to become responsible for another the former incurs no obligation as surety, if no valid claim ever arises against the principal. Chitty on Contracts (11th Ed.), 788. If the principal is not holden, neither is the surety; for there can be no accessory if there is no principal. De Colyar on Principal and Surety, Amer. Ed., 39; Addison on Contracts, § 1111. The existence of a principal debtor is a condition precedent to the operation of the contract of a surety. *Hazard* v. *Irwin*, 18 Pick., 95; *Swift* v. *Beers*, 3 Denio, 70; *Mountstephen* v. *Lakeman*, L. R. 7 Q. B., 202; *Mallet* v. *Bateman*, L. R. 1 C. P., 163. This is only in accordance with the general law of contracts, which prevents a contract from becoming operative unless and until all conditions precedent are fulfilled. Brandt on Suretyship, § 214; *Farmers and Mechanics' Bank* v. *Kingsley*, 2 Doug. (Mich.), 379. So too, whatever discharges the principal debtor discharges the surety. The liability of a surety on a claim which is good as against the principal, ceases as soon as the claim is extinguished against the principal. The nature of the undertaking of a surety is such that there can be no obligation on his part, unless there is an obligation on the part

of the principal. "It is correctly laid down, in Chitty on Contracts, that the contract of a surety is a collateral engagement for another, as distinguished from an original and direct agreement for the party's own act; and, as stated in Theobald on Principal and Surety, * * * it is a corollary from the very definition of the contract of suretyship, that the obligation of the surety, being accessory to the obligation of the principal debtor or obligor, it is of its essence that there should be a valid obligation of such a principal, and that the nullity of the principal obligation necessarily induces the nullity of the accessory. Without a principal, there can be no accessory. Nor can the obligation of the surety, as such, exceed that of the principal. * * * It would be most unjust and incongruous to hold the surety liable, where the principal is not bound." STORRS, J., in *Ferry* v. *Burchard*, 21 Conn., 603. The same general doctrine is held in many other cases in this State. *Willey* v. *Paulk*, 6 Conn., 74; *DeForest* v. *Strong*, 8 id., 522; *Bull* v. *Allen*, 19 id., 101, 106; *Glazier* v. *Douglass*, 32 id., 393; *Candee* v. *Skinner*, 40 id., 464.

It follows, then, that the fraudulent concealment by Rowan, the principal, as it prevented the statute of limitations from running in his favor, also stopped it from running in favor of the defendant, his surety. *Bradford* v. *McCormick*, 71 Iowa, 129; *Boone County* v. *Jones*, 54 id., 669; *Charles* v. *Hoskins*, 14 id., 471.

There is no error.

In this opinion the other judges concurred.