STATE OF CONNECTICUT *v.* LYNN F. PICKLES
(9817)

O'CONNELL, FOTI and FREEDMAN, Js.

Argued February 18—decision released July 14, 1992

*Edward T. Lynch, Jr.*, with whom was *Joyce Antila Phipps,* for the appellant (defendant).

*James M. Ralls,* assistant state's attorney, with whom, on the brief, were *Michael Dearington,* state's attorney, and *Phillip Scarpellino,* assistant state's attorney, for the appellee (state).

O'CONNELL, J. The first count of this two count information charged the defendant with misconduct with a motor vehicle in violation of General Statutes § 53a-57. The jury convicted the defendant of the lesser included offense of negligent homicide with a motor vehicle in violation of General Statutes § 14-222a.[1] After the jury verdict was received, the trial court found the defendant guilty of the second count, which charged

---

[1] General Statutes § 14-222a provides: "Any person who, in consequence of the negligent operation of a motor vehicle, causes the death of another person shall be fined not more than one thousand dollars or imprisoned not more than six months or both."

her with the infraction of failure to obey a traffic control sign in violation of General Statutes § 14-298.[2]

On appeal the defendant raises eight issues that she claims mandate reversal of her conviction.[3] We do not agree and affirm the judgment of the trial court.

[2] General Statutes § 14-298 provides in pertinent part: "Said commission shall also make regulations, in cooperation and agreement with local traffic authorities, respecting the use by through truck traffic of streets and highways within the limits of, and under the jurisdiction of, any city, town or borough of this state for the protection and safety of the public. If said commission determines that the prohibition of through truck traffic on any street or highway is necessary because of an immediate and imminent threat to the public health and safety and the local traffic authority is precluded for any reason from acting on such prohibition, the commission, if it is not otherwise precluded from so acting, may impose such prohibition. Said commission may place and maintain traffic control signals, signs, markings and other safety devices, which it deems to be in the interests of public safety, upon such highways as come within the jurisdiction of said commission as set forth in section 14-297. . . ."

[3] The defendant's claims are (1) whether the trial court should have ruled that a Connecticut department of transportation (DOT) employee, who in the course of her duties as a state employee exits a limited access highway exit ramp, is engaged in highway maintenance operations in accordance with General Statutes § 14-290, (2) whether General Statutes § 14-290 implicitly includes an exemption from state traffic commission signs for DOT operators of maintenance vehicles to allow travel off an exit ramp posted "no trucks," in the course of and in furtherance of state maintenance operations, (3) whether the trial court improperly applied state traffic commission regulations to the activities of a DOT employee engaged in the furtherance of state maintenance activities on a limited access highway when § 14-298-237 of the Regulations of Connecticut State Agencies exempted such activities, (4) whether the legislature intended, by General Statutes § 14-290, to exempt operation of DOT maintenance vehicles engaged in state highway maintenance operations from Chapter 249 of the Connecticut General Statutes or the regulations adopted by the state traffic commission, (5) whether the trial court's interpretation of performance of duties and maintenance operations constitutes an ex post facto application of a regulation or a statute in violation of the United States or Connecticut constitutions, (6) whether the application or statutory pattern of General Statutes § 14-290 and General Statutes Chapter 249 violates the due process clauses of the United States and Connecticut constitutions, and (7) whether the trial court should, as a matter of law, have found the defendant not guilty of the violation of the state traffic commission sign. The eighth issue, alleging that the trial court should, as a matter of law, have found the defendant

The jury and the trial court, as respective factfinders on the individual counts, could reasonably have found the following facts. On November 18, 1988, the defendant was driving a nine ton dump truck in performance of her duties as a department of transportation (DOT) employee. These duties included hauling dirt and debris from the vicinity of exits 41 and 42 on I-95 to a dumpsite. Because the defendant was unfamiliar with this area, on her first trip she followed another DOT truck. This route involved leaving I-95 at exit 43 which was posted pursuant to General Statutes § 14-298 so as to prohibit its use by trucks. On a subsequent trip, the defendant was traveling the same route when a traffic signal at the bottom of the ramp was turning from green to red. In an effort to make the light while it was still green, the defendant operated the truck at a speed that made it impossible to negotiate the turn at the bottom of the ramp. The defendant swung her vehicle to the right causing the truck to overturn onto its left side. The truck landed on a small passenger car, killing the driver and seriously injuring a passenger.

## I

### Sign Violation

Because both counts involve an allegation of a violation of a state traffic control sign, she challenges her conviction on both counts by attacking the validity of the sign violation. Because the first count involves the second count, we will commence our analysis with a discussion of the second count. Of the several claims addressed to this court, only the due process and ex post facto claims were argued before the trial court. Claims that were not distinctly raised at trial are not

not guilty of the violation of the state traffic commission sign before submission of the first count of the information to the jury was not briefed and is therefore considered abandoned. See *Saradjian* v. *Saradjian,* 25 Conn. App. 411, 418, 595 A.2d 890 (1991).

reviewable on appeal. *State* v. *Tillman,* 220 Conn. 487, 504, 600 A.2d 738 (1991). Accordingly, we decline to review claims one through four and claim seven. We also note that they do not qualify for *Evans-Golding* review,[4] nor do they rise to the level of plain error. Practice Book § 4185;[5] *Ralto Developers, Inc.* v. *Environmental Impact Commission,* 220 Conn. 54, 59, 594 A.2d 981 (1991).

The state argues that the due process and ex post facto claims are also not reviewable because, although they were raised in the trial court, they were not asserted in accordance with the rules of practice and are therefore deemed to be waived. We agree.

The gravamen of the defendant's due process claim is that General Statutes § 14-298 is unconstitutional because it fails to provide sufficient notice of the proscribed conduct. The law requires that penal statutes be sufficiently explicit so that persons who might be affected by them will know what conduct will constitute a violation. *Miller* v. *Florida,* 482 U.S. 423, 429–32, 107 S. Ct. 2446, 96 L. Ed. 2d 351 (1987); *State* v. *Mattioli,* 210 Conn. 573, 579, 556 A.2d 584 (1989). Whether § 14-298 gives sufficient notice of the conduct it prohibits does not require a trial. Practice Book § 808

---

[4] *State* v. *Evans,* 165 Conn. 61, 327 A.2d 576 (1973); *State* v. *Golding,* 213 Conn. 233, 567 A.2d 823 (1989). Because the defendant did not establish that "(1) the record is adequate to review the alleged claim of error; (2) the claim is of constitutional magnitude alleging the violation of a fundamental right; (3) the alleged constitutional violation clearly exists and clearly deprived the defendant of a fair trial; and (4) if subject to harmless error analysis, the state has failed to demonstrate harmlessness of the alleged constitutional violation beyond a reasonable doubt"; *State* v. *Golding,* supra, 239–40; *Evans-Golding* review would be improper.

[5] Practice Book § 4185 provides in pertinent part: "The [appellate] court shall not be bound to consider a claim unless it was distinctly raised at the trial or arose subsequent to the trial. The [appellate] court may in the interests of justice notice plain error not brought to the attention of the trial court. . . ."

mandates: "Any defense . . . capable of determination without a trial of the general issue *may be raised only by a pretrial motion* made in conformity with this chapter." (Emphasis added.) Practice Book § 810 provides in part: "Failure by a party, at or within the time provided by these rules, to raise defenses or objections . . . that must be made prior to trial *shall constitute a waiver thereof,* but a judicial authority, for good cause shown, may grant relief from such waiver . . . ." Practice Book § 811 requires that pretrial motions shall be filed "not later than ten days after the first pretrial conference in the court where the case will be tried, or, with permission of the court, at such later time as the judicial authority may fix. . . ." In the present case, the defendant failed to file her motions to dismiss on due process grounds until after the close of all the evidence. Further, at no time did the defendant attempt to show good cause to the trial court as to why she should have been allowed to file a late motion. By failing to raise the due process defense by a timely pretrial motion, the defendant waived her right to raise such a defense later.

The defendant also claimed that application of General Statutes § 14-298 constituted an ex post facto law in violation of the United States and Connecticut constitutions. For the above stated reasons and because her motion was made orally and not in writing as required by Practice Book § 812,[6] we decline to review the ex post facto claim as well as the due process claim in regard to the second count. Accordingly, there is no claim regarding the second count that is entitled to review.

---

[6] Practice Book § 812 provides in pertinent part: "Pretrial motions shall be written unless, for good cause shown, the judicial authority shall grant permission to make an oral pretrial motion. . . ." The defendant did not request permission to make an oral motion.

## II

### NEGLIGENT HOMICIDE

The first count charged the defendant with misconduct with a motor vehicle in violation of General Statutes § 53a-57. The substitute long form information particularized that the defendant operated "her motor vehicle, namely a D.O.T. truck, with criminal negligence by using exit 43 off of Route 95 northbound in clear violation of a state traffic control sign prohibiting trucks from using such exit, [and] by attempting to run through a traffic light which for her was changing from green to red, thus causing her vehicle to operate at a speed that made it impossible to make the turn at the bottom of the exit causing her vehicle to overturn and fall upon a vehicle with two persons inside, one of whom, namely Frank Giamo, was killed as a direct result of her criminally negligent actions all in violation of § 53a-57 of the Connecticut General Statutes." The jury convicted the defendant of the lesser included offense of negligent homicide with a motor vehicle. The propriety of negligent homicide as a lesser included offense is not disputed.

The first count alleged that the defendant was guilty of negligence in two distinct ways: (1) by violating the sign prohibiting use of the exit by trucks, and (2) by attempting to run through a traffic light, thus causing her vehicle to operate at a speed that made it impossible to make the turn. Proof of either allegation of criminal negligence would sustain the conviction.

Our discussion in part I disposes of any claim that we review the defendant's conviction under the sign violation allegation of this count. Thus, the conviction can be affirmed solely on the basis of that allegation. Furthermore, if the death was caused by the defendant's "attempting to run through a traffic light . . .

thus causing her vehicle to operate at a speed that made it impossible to make the turn," the conviction can also be affirmed on that basis, irrespective of any claim of impropriety based on the sign violation.

The trial court properly instructed the jury on the elements of negligent homicide with a motor vehicle, which did not include a requirement that the jury find a violation of the truck prohibition sign. The court stressed the statutory elements of both misconduct with a motor vehicle and negligent homicide with a motor vehicle in its initial instructions and in response to jury questions concentrating on the definitions of negligence and criminal negligence without referring to the traffic sign issue. Whether the evidence established the defendant's guilt beyond a reasonable doubt was a question of fact for the jury and the jury resolved the question against the defendant.

The judgment is affirmed.

In this opinion the other judges concurred.