[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
CORRECTED MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FORSUMMARY JUDGMENT (No. 111)
A. FACTS:
The plaintiff, Thomas Lindberg, is the successor administrator of the estate of Robert Godbout, having been appointed on February 7, 1995 by the probate court. The defendant James Godbout was the prior administrator of the estate of Robert Godbout, having been appointed by the probate court on May 26, 1981. The co-defendant Middlesex Insurance Company, herein Middlesex, issued a surety bond to the defendant James Godbout in his capacity as administrator. The plaintiff alleges that James Godbout failed to obtain the probate court's approval of the November 15, 1982 final accounting of the estate's assets. The plaintiff further alleges that on August 24, 1987, the probate court authorized the defendant to enter into a stipulation with Heublein Corporation and Aetna Life Casualty. This stipulation settled an outstanding worker's compensation claim made by the decedent for $25,000.00. The plaintiff alleges the defendant never filed a final accounting for the $25,000.00 nor did the probate court approve the defendant's distribution of the same. The plaintiff further alleges that the defendant was removed from his administrator position by the probate court for "neglecting to perform his duties as an administrator." Thereafter, the plaintiff alleges he was appointed successor administrator by the probate court and he has brought the instant action to recover the improperly distributed assets of the estate. CT Page 4112-EEE
The plaintiff has filed a motion for summary judgment (No. 111). the defendant has filed an objection in which he raises the statute of limitations as a defense.
B. DISCUSSION:
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."Miller v. United Technologies Corp., 233 Conn. 732, 745,660 A.2d 810 (1995). "A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case." (Internal quotation marks omitted.). Catz v.Rubenstein, 201 Conn. 39, 48, 513 A.2d 98 (1986). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . the test is whether a party would be entitled to a directed verdict on the same facts." (Citations omitted, internal quotation marks omitted.). New Milford Savings Bank v. Roina,38 Conn. App. 240, 244, 659 A.2d 1226 (1995); Suarez v.Dickmont Plastics Corp., supra 229 Conn. 105. "The trial court may grant summary judgment when the documents submitted in support of the defendant's motion demonstrate that there is no genuine issue of material fact that the plaintiff's suit is barred by the applicable statute of limitations." Id.; Burnsv. Hartford Hospital, 192 Conn. 451, 455, 472 A.2d 1257 (1984).
The issue before this court is whether the applicable six year statute of limitations has run prohibiting the plaintiff's cause of action against the defendants.
"Where there is no dispute as to the applicable statute of limitations, the only facts material to the trial court's decision on a motion for summary judgment are the date of the wrongful conduct alleged in the complaint and the date the action was filed." Shuster v. Buckley, 5 Conn. App. 473,477, 500 A.2d 240 (1985).
Pursuant to § 52-579, the statute of limitations has not begun to run in this action since there has never been a final accounting approved by the probate court regarding the assets of the estate. Section 52-579 states in full: CT Page 4112-FFF
 No action shall be maintained against the surety on any probate bond unless brought within six years from the final settlement of account of the principal in such bond and the acceptance of such account by the court of probate; but this provision shall not apply to minors who are parties in interest.
This statute expressly requires a final settlement and the acceptance of such account by the court of probate. As previously stated, this has yet to occur.
In State Ex Rel. McClure v. Northrop, 93 Conn. 558,106 A. 504 (1919) the court addressed the difference between the creation of liability on a bond and the accrual of a cause of action on the bond, with the following words:
 It is undoubted that the statute of limitation begins to run as soon as the right of action has accrued. Eising v. Andrews, 66 Conn. 58, 65, 33 A. 585. But the right of action will not accrue until there is a person or persons capable of suing and being sued. 25 Cyc. 1067. The trustee, Northrop, was the only legal custodian of this fund. The beneficiaries of the life estate and of the remainder estate could institute proceedings to secure his removal, but, until a trustee was named in his stead, there was no one against whom the statute could run. Further, until Northrop failed, on demand, to pay over the trust fund to his successor, it could not be known that he would not meet this obligation. The cestui que trust is entitled to have the entire trust fund paid over upon the settlement of the trust, and the statute of limitation cannot run against him and in favor of the principal upon the bond, the trustee of the trust fund, until his trusteeship is terminated and his breach of trust then established. McKim v. Glover, 161 Mass. 418, 421, 37 N.E. 443; Prindle v. Holcomb, 45 Conn. 111, 121; State v. Howarth, 48 Conn. 207, 212.
Id., 563.
In McClure the plaintiff attempted to bring an action on a probate bond for the former trustee (Northrup's) failure CT Page 4112-GGG to distribute the trust proceeds or render a final accounting. The former trustee sought to use the statute of limitations as a bar. However, the court held the beneficiaries's cause of action didn't accrue until the new trustee was appointed and the plaintiff had six years from the final settlement and acceptance of the account, to commence the action. The former trustee, having never rendered a final accounting, never triggered the running of the statute of limitations during his trusteeship.
The facts in the instant case are very similar toMcClure. Here, the successor administrator is attempting to recover from the former administrator and the bond holder. Although the former administrator filed an accounting on November 15, 1982, the probate court never approved the accounting, thus, the running of the statute of limitations has not commenced. Pursuant to McClure, the statute of limitations began to run when the plaintiff successor administrator files the final accounting and the probate court rules on it. Since the plaintiff was only appointed on February 7, 1995, and no final accounting has been approved, the plaintiff's cause of action is timely.
Therefore, it is decided that the plaintiff's cause of action is well within § 52-579's statute of limitations. It is further decided that the defendant has failed to establish the existence of a genuine issue of a material fact as to the running of the statute of limitations. Accordingly, the plaintiff motion for summary judgment should be granted. The defendant's allegation that a genuine issue of material fact exists regarding the amount of money owed to the estates more appropriately determined in a hearing on damages then in this proceeding.
C. CONCLUSION:
For the reasons herein stated, it is concluded, that the plaintiff's motion for summary judgment, ought to be and is hereby granted.