## ROXANNE M. POLIZOS *v.* NATIONWIDE MUTUAL INSURANCE COMPANY
(AC 18130)

Foti, Sullivan and Freedman, Js.

Argued March 16—officially released September 7, 1999

*A. Jeffrey Somers,* for the appellant (defendant).

*George J. Markley,* with whom was *Raymond B. Rubens,* for the appellee (plaintiff).

*Opinion*

SULLIVAN, J. The defendant, Nationwide Mutual Insurance Company (Nationwide), appeals from the judgment of the trial court granting the application filed by the plaintiff, Roxanne M. Polizos, to compel arbitration pursuant to the uninsured motorist provision in her insurance policy. The defendant claims that, in granting the plaintiff's application, the trial court improperly (1) found that the six year statute of limitations on the plaintiff's claim began to run from the date that she first became aware that the tortfeasors were uninsured and (2) applied the six year statute of limitations for written contracts to the plaintiff's claim. We affirm the judgment of the trial court.

The following undisputed facts are relevant to this appeal. On April 16, 1988, the plaintiff was an insured under an automobile liability policy issued by the defendant when she was involved in an automobile accident with Marc Mead. Mead was driving a car leased to him by Sharp Leasing Corporation (Sharp Leasing). On April 25, 1988, the plaintiff applied to the defendant for medical benefits. Subsequently, on March 12, 1989, the plaintiff filed an action against Mead and Sharp Leasing. On May 10, 1989, Progressive Insurance wrote a letter to the plaintiff's counsel on behalf of Sharp Leasing.[1] Also, an attorney appeared for Sharp Leasing on May 25, 1989.

---

[1] The letter from Progressive Insurance to the plaintiff stated in part: "[W]e [Progressive Insurance] are an excess liability insurance carrier for Sharp Leasing Corporation. Under the terms of our policy, we provide coverage to Sharp Leasing when, because of their status as owner of a leased vehicle, they become financially responsible for damages suffered by a third party. In addition, under certain circumstances, the policy provides the lessee with the statutory minimum financial responsibility limits of the

On June 17, 1994, the plaintiff filed interrogatories, which Sharp Leasing answered on July 15, 1994. The answers indicated a lack of insurance coverage. The case was then tried to a jury and a plaintiff's verdict in the amount of $202,000 was rendered on May 10, 1996. The plaintiff was unable to collect the award. On June 19, 1996, counsel for Sharp Leasing wrote to the plaintiff's attorney stating that Sharp Leasing was not insured, and that to the best of its knowledge, Mead was also not insured.

On July 17, 1996, plaintiff's counsel made a demand to the defendant for payment under the uninsured motorist coverage provisions of her policy.[2] The defendant denied the claim and invoked the statute of limitations for written contracts, General Statutes § 52-576 (a). Subsequently, the plaintiff filed an application in the Superior Court to compel arbitration, which was granted by a memorandum of decision on February 9, 1998. This appeal followed.

I

The defendant's first claim on appeal is that the trial court improperly found that the plaintiff's application to compel arbitration was not barred by the six year limitation period contained in § 52-576 (a).[3] More specifically, the defendant argues that the plaintiff's claim

state in which the loss occurred. Our policy only becomes effective when there is no other insurance available on the leased vehicle. We are currently investigating the applicability of our coverage to this matter. You will be notified as soon as a final determination is made."

[2] The plaintiff's automobile liability insurance policy contained a written agreement to arbitrate. The defendant conceded that the letter demanding payment of the plaintiff's uninsured motorist coverage was sufficient, substantively, to demand that it arbitrate the plaintiff's uninsured motorist claim.

[3] The defendant conceded in its objection to the plaintiff's motion to compel arbitration that the two year limitation period contained in the plaintiff's insurance policy was not applicable. Rather, the defendant asserted that the six year statute of limitations for written contracts was controlling and barred the plaintiff from compelling arbitration. In its first issue on appeal, the defendant has again asserted that the claim is governed solely by the six year limitation period contained in § 52-576 (a). Although

violates the statute of limitations because the statute began to run from the date of the accident and the plaintiff's claim was made more than six years from that date. We disagree.

The following additional facts are necessary for the resolution of this issue. The defendant objected to the plaintiff's application to compel arbitration of her uninsured motorist claim on the ground that the plaintiff's claim was barred by the six year statute of limitations set forth in § 52-576 (a). The defendant argued that the statute of limitations began to run on the date of the plaintiff's automobile accident. The plaintiff, however, argued that the uninsured coverage claim accrued when the verdict against Sharp Leasing was secured.

The trial court rejected both of those claims and concluded that the time period began to run from the date when the plaintiff received answers to her interrogatories that suggested that Sharp Leasing might not have insurance that was sufficient to cover the accident. The trial court reasoned that "the particular facts unique to this case put forth an equitably obvious moment when plaintiff must be held to have been alerted that action ought to be taken to request arbitration or issue notice of the likely need therefor. That point in time occurred when the plaintiff received the interrogatory answer indicating a complete absence of coverage; it was then that [an uninsured motorist] action could 'successfully be maintained.' "

The trial court did not state explicitly that it determined the accrual date to be when the plaintiff knew or should have known of the lack of insurance. Implicit in its decision that the action began to accrue when she was alerted that action ought to be taken to request

the defendant argues in its second claim on appeal that this six year limitation period does not apply, for the purposes of this issue, the defendant concedes that the six year limitation period is controlling.

arbitration, however, is the conclusion that the six year time limitation began to run from the time when the plaintiff knew or should have known of the lack of insurance coverage. The determinative question before us is, therefore, whether the trial court properly found that the plaintiff's cause of action under the insurance policy accrued on July 15, 1994, the date the plaintiff knew or should have known of the lack of insurance.

"The scope of our appellate review depends upon the proper characterization of the rulings made by the trial court. To the extent that the trial court has made findings of fact, our review is limited to deciding whether such findings were clearly erroneous. When, however, the trial court draws conclusions of law, our review is plenary and we must decide whether its conclusions are legally and logically correct and find support in the facts that appear in the record." (Internal quotation marks omitted.) *SLI International Corp.* v. *Crystal*, 236 Conn. 156, 163, 671 A.2d 813 (1996), quoting *Morton Buildings, Inc.* v. *Bannon*, 222 Conn. 49, 53, 607 A.2d 424 (1992).

The issue before us is a question of law. "We do not examine the record to determine whether the trier of fact could have reached a conclusion other than the one reached. Rather, we focus on the conclusion of the trial court, as well as the method by which it arrived at that conclusion, to determine whether it is legally correct and factually supported." *Pandolphe's Auto Parts, Inc.* v. *Manchester*, 181 Conn. 217, 222, 435 A.2d 24 (1980).

Section 52-576 (a) provides in relevant part: "No action for an account, or on any simple or implied contract, or on any contract in writing, shall be brought but within six years after the right of action accrues . . . ." "Applied to a cause of action, the term to accrue means to arrive; to commence; to come into existence; to become a present enforceable demand. *Eising* v.

*Andrews,* 66 Conn. 58, 64, 33 A. 585 (1895). *D'Occhio* v. *Connecticut Real Estate Commission,* 189 Conn. 162, 182, 455 A.2d 833 (1983)." (Internal quotation marks omitted.) *Prudential Property & Casualty Ins. Co.* v. *Perez-Henderson,* 49 Conn. App. 653, 658–59, 714 A.2d 1281, cert. denied, 247 Conn. 917, 722 A.2d 807 (1998). "While the statute of limitations normally begins to run immediately upon the accrual of the cause of action, some difficulty may arise in determining when the cause or right of action is considered as having accrued. The true test is to establish the time when the plaintiff first could have successfully maintained an action. *Gaylord Hospital* v. *Massaro,* 5 Conn. App. 465, 467, 499 A.2d 1162 (1985)." (Internal quotation marks omitted.) *Prudential Property & Casualty Ins. Co.* v. *Perez-Henderson,* supra, 659.

Thus, the point at which a cause of action can be successfully maintained or when it becomes an enforceable demand is not one unalterable moment, such as the date of the accident. Instead, the cause of action begins to accrue from the moment that the plaintiff is made aware that there is no insurance coverage available.

In this case, we agree with the trial court's conclusion that the plaintiff was unaware of the lack of insurance coverage until she received the answers to interrogatories on July 15, 1994. The trial court found that prior to July 15, 1994, the plaintiff's belief that there was coverage was justified because of the letter she received from Progressive Insurance discussing such coverage. Furthermore, although the letter stated that the plaintiff would be notified as soon as a final determination concerning its coverage was made, no determination was ever conveyed until after the jury verdict, seven years later. We, therefore, conclude that the trial court's conclusion that the plaintiff's action began to accrue on July 15, 1994, is fully supported by the record.

The defendant asserts that the plaintiff could have maintained a cause of action at the time of the accident; therefore, the date of the accident is the accrual date. The defendant relies on *McGlinchey* v. *Aetna Casualty & Surety Co.*, 224 Conn. 133, 140, 617 A.2d 445 (1992), and *Hotkowski* v. *Aetna Life & Casualty Co.*, 224 Conn. 145, 149–50, 617 A.2d 451 (1992), where the accrual date for the cause of action for underinsured motorist coverage was the date of the accident, as support for its claim that the six year statute of limitations began to run on the date of the accident. This reliance is misplaced.

In both *McGlinchey* and *Hotkowski*, the cause of action for underinsured motorist coverage began to accrue from the date of the accident; however, both cases dealt with the interpretation of limitation periods contained in insurance contracts, which, by their express terms, commenced with the date of the accident. As such, these cases have no bearing on when a cause of action accrues for the purposes of § 52-576 (a).

Further, in *Prudential Property & Casualty Ins. Co.* v. *Perez-Henderson*, supra, 49 Conn. App. 653, this court expressly rejected the trial court's ruling that a claim for underinsured motorist coverage begins to accrue from the date of the accident. Instead, this court held that the claim did not begin to accrue until the insured had exhausted all other sources of insurance. Id., 660.

Furthermore, we note that using the date of the accident as the accrual date would require a plaintiff to make a claim before she has any awareness of a coverage problem. The use of the accident date as the trigger point for the limitation period would result in courts having to accept and partially to entertain applications to compel arbitration before exhaustion, and before the reasonable awareness of coverage difficulty, merely as a prophylaxis against the running of the limitation

period, when no problem may exist. We conclude that the accrual date or the date that the plaintiff properly could have maintained an action against the defendant was the date when she was notified as to the lack of insurance coverage.

After a plenary review of the record and briefs and after affording the defendant's first claim the appropriate scope of review, we conclude that the claim is without merit.

II

The defendant next claims that the trial court improperly granted the plaintiff's application to compel arbitration because her claim was not within the two year statute of limitations set forth in the plaintiff's insurance policy. In its objection to the plaintiff's motion to compel arbitration and in its first issue on appeal, the defendant invoked the six year statute of limitations contained in § 52-576 (a). The defendant now asserts that the two year insurance policy provision is applicable to the plaintiff's claim and, therefore, the plaintiff's motion to compel arbitration is time barred.

We do not reach the merits of this claim, however, because the defendant failed to raise the issue at the hearing before the trial court and, therefore, has expressly waived it. See *State* v. *Evans*, 165 Conn. 61, 70, 327 A.2d 576 (1973) ("claim not raised is deemed waived" absent "exceptional circumstances"). "This court will not review issues of law that are raised for the first time on appeal." *State* v. *Harvey*, 27 Conn. App. 171, 186, 605 A.2d 563, cert. denied, 222 Conn. 907, 608 A.2d 693 (1992). "We have repeatedly held that this court will not consider claimed errors on the part of the trial court unless it appears on the record that the question was distinctly raised at trial and was ruled upon and decided by the court adversely to the appellant's claim." *Keating* v. *Glass Container Corp.*, 197

Conn. 428, 431, 497 A.2d 763 (1985). "Claims that were not distinctly raised at trial are not reviewable on appeal." *State* v. *Pickles*, 28 Conn. App. 283, 286–87, 610 A.2d 716 (1992). Because it was not raised at trial, we decline to review this claim.

The judgment is affirmed.

In this opinion the other judges concurred.