[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant, Metropolitan Property and Casualty Insurance Company, moves for summary judgment based on the expiration of the six year statute of limitations for breach of a written contract action set forth in General Statutes § 52-576. The underlying contract is an automobile insurance policy, and the suit claims uninsured motorist coverage.
Summary judgment shall be rendered forthwith if the pleadings and accompanying affidavits in support of and in opposition to the motion establish that there exists no genuine dispute concerning a material fact and that the movant is entitled to judgment as a matter of law, Practice Book § 17-49.
These documents disclose that on October 6, 1990, the plaintiff, Mark Minor, was covered by an automobile insurance policy issued by the defendant which afforded protection against injury caused by an uninsured motorist. On that date the plaintiff was involved in a motor vehicle accident in which he sustained serious injuries. The plaintiff alleges that he was operating his vehicle and was forced to take evasive action by the misconduct of an unidentified motor vehicle. The evasive action caused the plaintiff to lose control of his vehicle which then struck a guardrail and rolled over.
The parties concur that § 52-576 applies to this breach of insurance contract, but they disagree as to when the six year limitation commenced. The defendant contends that the statute began to run when the accident occurred because the plaintiff knew at that time that the operator of the offending vehicle was unknown. Under the defendant's theory, the six years expired on October 6, 1996. The present action began on April 13, 1998, and, therefore, would be barred by § 52-576. CT Page 13037
Additional information is necessary to understand the plaintiff's interpretation. In the fall of 1992, the plaintiff sued Daniel Rodriguez alleging that he was the previously unidentified operator who caused the plaintiffs rollover accident. The plaintiff and Rodriguez agreed to binding arbitration which, on October 20, 1997, exonerated Rodriguez. The arbitrator found that Rodriguez came upon the accident scene after it had occurred. The arbitrator also found that the plaintiffs impairment by intoxicating liquor was the cause of his loss of control and accident. Parenthetically, the parties have not raised the issue of the preclusive effect of the arbitrator's ruling, see Fink v. Golenbock, 238 Conn. 183,195 (1996).
The plaintiff maintains that the statute of limitations ought to be tolled for the period that the plaintiff pursued liability against Rodriguez. The court disagrees.
The supporting documents show that the plaintiff's attorney on July 29, 1991, sent notice to the defendant that the plaintiff intended to make a claim against the defendant under the uninsured motorist provision of the policy. Clearly, the plaintiff is chargeable with awareness that the alleged tortfeaser was unknown on that date. In Polizos v. NationwideMutual Insurance Co., 54 Conn. App. 724 (1999), the Appellate Court held that the six year statute of limitations begins to run at the point at which a cause of action against the insurer became enforceable and that a cause of action for uninsured motorist coverages accrues when the plaintiff becomes aware that there is no insurance coverage available, Id., 729.
In that case, the Appellate Court agreed with the trial court that the six year period commenced when the plaintiff received a response to interrogatories which indicated the absence of insurance on behalf of the tortfeasor, Id., 729. The Appellate Court rejected the insurer's claim that the statute of limitations began to run when the accident occurred, but also rejected the plaintiffs claim that the statute was tolled until judgment had been obtained against the uninsured party, Id., 728 through 730. Thus, the plaintiffs reliance on the Polizos case, supra, to support the position that the six year limitation was tolled during the pendency of his action against Rodriguez is misplaced.
There exists no factual dispute that the plaintiff, through his then counsel, knew that he had an enforceable claim against the defendant for uninsured motorist coverage on July 29, 1991, the date his attorney notified the defendant of an intent to make that claim. Six years from that date was July 29, 1997. The present action was begun on April 13, 1998, and is barred by § 52-576. The defendant is entitled to CT Page 13038 judgment as a matter of law.
Summary Judgment is rendered for the defendant.
Sferrazza, J.